Johnson, O. J.
These facts show, that since the pendency of the case in this court, the subject matter in controversy, the claim for damages arising on the counter-claim, has been settled, and that the plaintiff in error has received full satisfaction therefor. By such settlement, and the receipt of the amount of damages mutually agreed upon, his claim is satisfied and extinguished. This is a waiver of the right to further prosecute error on the ground that the court below refused to allow his counter-claim. Should this court proceed to final judg *56 ment and reverse the judgment below, it would prove a barren victory for plaintiff in error, as by the executed agreement, his counter-claim is extinguished. He commenced his action here, to reverse a judgment prejudicial to him, so that he might claim damages. After that he accepted a sum of money from defendant in error in satisfaction of his claim in another pending action. He could not prosecute his counter-claim in both actions. A satisfaction of it in one, was a withdrawal of it in the other. If both were pending at the same time, a judgment in one, would be a bar to it in the other. In the case now sought to be reversed it was disallowed by the court, and the case was pending here on error, when he insisted on the same claim in the other action and it was by mutual agreement allowed. This was in effect a withdrawal of it in this action and a waiver of all error in disallowing.
His right to costs arising on this counterclaim, were disposed of in that case, and as he withdrew the subject matter from judicial cognizance in this case by pleading it in that, he has no right to require of this court to review the record to determine the mere question of the costs made on error. Tabler v. Wiseman, 2 Ohio St. 201.
Nor can there be any objection to the manner in which these facts are brought up on the record in this court. They are set up by way of answer to which the plaintiff in error demurs. These facts which operate as a waiver, occurred since the judgment was rendered, and since this ease was pending here on error. They are of the same nature as facts constituting a release of error, or an estoppel. Such facts may be pleaded. Collins v. Davis, 32 Ohio St. 76.
This judgment is therefore affirmed. The plaintiff in error, by obtaining the relief sought on his counter-claim in another action must be held to have waived his right to reverse the judgment on the ground that it was disallowed in this.

Judgment affirmed.